# United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2305 | **DATE** | 5/23/2002 |
| **CASE TITLE** | Donald W. Parrillo et al. Vs. Nancy L. Reilly etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendants move to dismiss. The motion is granted. We enjoin Parrillo and Schob from initiating any action anywhere relating to the assets included in the Indiana bankruptcy estate or to the enforcement of Reilly's judgments against him, without first having obtained leave of this court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | MAY 2 3 2002 date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD W. PARRILLO and )
KIMBERLY E. SCHOB, )
 )
Plaintiffs, )
 )
vs. ) No. 02 C 2305
 )
NANCY L. REILLY f/k/a NANCY R. )
PARRILLO, DONALD W. RICE, and )
JOSEPH D. BRADLEY, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald W. Parrillo owes his former wife, Nancy L. Reilly, almost $400,000. Her attempts to collect through the Indiana state courts have apparently been unsuccessful. He has sought refuge in bankruptcy in the Northern District of Indiana, but the bankruptcy court denied discharge of the debt because of his fraudulent transfer of assets, including a fraudulent transfer of his ownership interest in a condominium to his daughter, plaintiff Kimberly E. Schob. That ruling is apparently on appeal to the district court.

In the meantime, after the bankruptcy court trial but before the decision, the plaintiffs sued Reilly and various others, including several Indiana judges, in federal court here, <u>Parrillo v. Reilly</u>, case no. 01 C 5855, claiming a conspiracy to deprive Parrillo of the condominium. Judge Zagel dismissed all of those claims on November 29, 2001, except for a minor malpractice claim, which he transferred to Indiana. Parrillo has appealed.

On February 20, 2002, Parrillo sued his former wife also in federal court here, case no. 02 C 1221. That case seeks a declaration that an Indiana judgment domesticating Reilly's

prior Illinois judgment against Parrillo is void. The case was assigned to Judge Manning and a motion to dismiss is pending. Five days later Parrillo's son Timothy sued Reilly and various others in federal court here, case no. 02 C 1338, again relating to the assets involved in the prior actions. Judge Holderman dismissed it on May 16, 2002. Also, Reilly sued Parrillo in state court in DuPage County; he removed it on May 1, 2002, case no. 02 C 3128, and Judge Lindberg remanded it on May 8, 2002. That case was, apparently, a simple application to revive the original judgment, as seven years had elapsed.

This case attacks the Indiana bankruptcy proceeding, claiming that Parrillo and his daughter were never notified of the trial date, November 6, 2001, in which the bankruptcy court, as a followup to its denial of discharge, avoided the fraudulent transfers. Defendants move to dismiss. The motion is granted. If plaintiffs have any grounds for disputing the bankruptcy court's decisions they can do so in their appeal to the district court in Indiana. They cannot avoid that appeal process by repackaging their contentions as a conspiracy and bringing an action in another state. Further, there is no personal jurisdiction over Reilly's Indiana attorney or the bankruptcy trustee there, and none of the defendants had any obligation to chase down the plaintiffs to tell them of a trial date previously set forth in court records.

But there is more. Parrillo has threatened to bring yet more actions, with the likely location Arizona. He is, apparently, of the view that if he can keep recycling old and decided contentions in enough courts his adversaries will give up pursuing the collection of valid judgments. Courts should not be available for that purpose. We enjoin Parrillo and Schob from initiating any action anywhere relating to the assets included in the Indiana bankruptcy

estate or to the enforcement of Reilly's judgments against him, without first having obtained leave of this court.

                                                            _James B. Moran_
                                                            JAMES B. MORAN
                                                            Senior Judge, U. S. District Court

_May 23_, 2002.