IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD W. PARRILLO and
KIMBERLY E. SCHOB,

       Plaintiffs,

   vs.

NANCY L. REILLY f/k/a NANCY R.
PARRILLO, et al.,

       Defendant.

No. 02 C 2305

## MEMORANDUM OPINION AND ORDER

On May 23, 2002, this court briefly summarized at least some of the litigation in state and federal courts in Illinois and Indiana arising, apparently, in the aftermath of the 1970 divorce of Parrillo and Reilly. We there dismissed the attack by Parrillo and his daughter, Kimberly E. Schob, on an Indiana bankruptcy proceeding. And we went further. Aware that Parrillo and his daughter were intending to bring even more cases, probably in Arizona, we enjoined them from initiating any action anywhere relating to the assets included in the Indiana bankruptcy estate, or the enforcement of Reilly's judgment against Parrillo, without prior leave of court.

In 1997, an Indiana court altered a payment schedule on a 1994 Reilly judgment against Parrillo. According to Schob, one consequence of that alteration was a Reilly judgment against her and her husband for $90,000 in the Indiana bankruptcy court. In 2006, an Illinois court determined that the 1997 alteration was null and void because it failed to give full faith and credit to the 1994 judgement. That means, contends Schob, that the related $90,000 judgment cannot stand, but she cannot proceed because of the injunction here.

We have no quarrel with Schob going back to the judges before whom she has previously appeared, whether they be in Illinois or Indiana, for relief from their prior actions or for further relief. We doubt our jurisdiction to enjoin an Indiana bankruptcy court or an Illinois state court from acting in matters where they previously acted when they had jurisdiction and this court did not. In any event, we do not consider a return to those courts as "initiating" an action. And a return is how Schob describes what she wants to do (although Reilly's description appears to be more expansive). In those circumstances we deny the motion for leave to vacate a bankruptcy judgment and for leave to proceed in the state courts as moot. Schob may go back to Judge King and Wheaton. We see no reason, however, to permit Schob to file new cases in 2008. The injunction remains in effect.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 6, 2008.